**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000328
17-MAR-2022
07:52 AM
Dkt. 47 SO**

NO. CAAP-21-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
RANDY GARCIA, Defendant-Appellee,
and
CHRISTOPHER REAMS, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-20-0000586)

### SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant **State** of Hawaiʻi appeals from the "Findings of Fact, Conclusions of Law, and **Order** Granting Defendant[-Appellee Randy] **Garcia**'s Motion to Dismiss Counts 4-7 for Failure to Charge an Offense, Filed April 1, 2021," entered by the Circuit Court of the First Circuit on April 21, 2021.[1] For the reasons explained below, we vacate the Order and remand for further proceedings.

On May 20, 2020, Garcia was charged with four counts of Forgery in the Second Degree (**Counts 4-7**) (among other things). Count 4 alleged, in relevant part:

---

[1]     The Honorable Kevin A. Souza presided.

> On or about October 9, 2019, in the City and County of Honolulu, State of Hawaiʻi, RANDY GARCIA did, ***with intent to defraud***, utter a forged instrument, to wit, First Hawaiian Bank check #1877, drawn on the account of EAH Inc., made payable to Randy Garcia in the amount of Two Thousand Two Hundred Fifty Dollars ($2,250.00), which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status, thereby committing the offense of Forgery in the Second Degree, in violation of Section 708-852 of the [Hawaii] Revised Statutes.

(Emphasis added.) Counts 5-7 contained similar allegations, differing only as to the dates of the alleged offense, the check numbers, and the check amounts.

Garcia pleaded not guilty. He moved to dismiss Counts 4-7. He argued that "the charging language in [Counts 4-7] fails [sic] to allege the requisite state of mind . . . in violation of [his] due process rights."

Garcia's motion was heard on April 5, 2021. The circuit court orally granted the motion to dismiss. The Order was entered on April 21, 2021. The circuit court found and concluded:

> 9.    This Court finds that the Felony Information is not sufficiently clear that the requisite state of mind for the offenses charged in Counts 4 to 7 is "intentionally."
>
> 10.    This Court concludes that the Defendant's due process rights have been violated based on the omission of the requisite states of mind listed under the definition of "intent to defraud."
>
> 11.    This Court concludes that the failure to include the requisite states of mind in the Felony Information does not provide Defendant with fair notice of what he needs to defend against to avoid a conviction and, therefore, is a violation of Defendant's due process rights.
>
> 12.    Because the Felony Information is deficient, Counts 4 to 7 are to be dismissed without prejudice.

This appeal by the State followed. The State raises a single point of error:

2

> "The circuit court erred in concluding that the [charge] in this case did not provide Garcia with fair notice of the state of mind that he needed to defend against to avoid conviction for the Forgery in the Second Degree charges against him[.]"

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or 'right/wrong,' standard." State v. Mita, 124 Hawaiʻi 385, 389, 245 P.3d 458, 462 (2010) (cleaned up).

The statute under which Garcia was charged, Hawaii Revised Statutes (**HRS**) Section 708-852 (2014), provides in relevant part:

> **Forgery in the second degree.** (1) A person commits the offense of forgery in the second degree if, with ***intent to defraud***, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, . . . which is or purports to be, or which is calculated to become or to represent if completed, a . . . commercial instrument[.]

(Emphasis added.)

HRS § 708-800 (2014) provides, in relevant part:

> ***"Intent to defraud"*** means:
>
> (1)   An ***intent*** to use deception to injure another's interest which has value; ***or***
>
> (2)   ***Knowledge*** by the defendant that the defendant is facilitating an injury to another's interest which has value.

(Emphasis added.)

HRS § 702-204 (2014) provides:

> **State of mind required.** Except as provided in section 702-212,[2] a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

---

[2]   HRS § 702-212 (2014) pertains to violations and to strict liability crimes defined by statutes other than the Hawaii Penal Code.

The charging document was required to allege Garcia's state of mind.  The State alleged that Garcia acted with "intent to defraud[.]"  The charge did not recite the definition of "intent to defraud" contained in HRS § 708-800.  However, the State is not required to provide a statutory definition in every charge which "tracks the language of a statute that includes terms defined elsewhere in the [penal] code."  Mita, 124 Hawaiʻi at 391-92, 245 P.3d at 464-65.  "[T]he State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element."  Id. at 392, 245 P.3d at 465.

In State v. Anzai, No. CAAP-13-0000068, 2015 WL 2170449 (Haw. App. May 8, 2015) (SDO), cert. rejected, No. SCWC-13-0000068, 2015 WL 5123489 (Haw. Aug. 28, 2015), we held that the term "intent to defraud" as defined by HRS § 708-800 did not create an additional element of the offense of shoplifting, and that the statutory definition was consistent with its commonly understood meaning.  Id. at *1.  The shoplifting statute, HRS § 708-830(8) (2014), provided in relevant part:

> (8)   Shoplifting.
>
>> (a)   A person conceals or takes possession of the goods or merchandise of any store or retail establishment, ***with intent to defraud***.
>>
>> (b)   A person alters the price tag or other price marking on goods or merchandise of any store or retail establishment, ***with intent to defraud***.
>>
>> (c)   A person transfers the goods or merchandise of any store or retail establishment from one container to another, ***with intent to defraud***.

(Emphasis added.)  The charge in Anzai stated:

> On or about the 21st day of May, 2012, in the District of South Kohala, County and State of Hawaiʻi, KANIAULONO ANZAI, ***with intent to defraud***, concealed or took possession of the goods or merchandise of a store or retail establishment, that is amaretto liquor belonging to ISLAND GOURMET MARKET, and the value of said property did not exceed $100, thereby committing the offense of Theft in the Fourth Degree

4

> (Shoplifting), in violation of Sections 708-830(8) and
> 708-833(1), [Hawaii] Revised Statutes, as amended.

Anzai, 2015 WL 2170449, at *1. (Emphasis added.) The defendant claimed the charge failed to inform him of the nature and cause of the accusation against him because it failed to state an essential element of the offense — the statutory definition of "intent to defraud[.]" We rejected the defendant's claim, stating:

> ***The statutory definition of "intent to defraud," does not create an additional element of the offense***. The intent requirement itself is an element of the offense. Similar to the crime charged in Mita, the definition of "intent to defraud" is consistent with its commonly understood meaning and sufficiently provided Anzai with notice of what was being charged. Id. . . . Therefore, the charge was not deficient.

Id. at *1 (emphasis added) (citing Mita, 124 Hawaiʻi at 392, 245 P.3d at 465).

Similarly, in this case the charge against Garcia recited the "intent to defraud" element of HRS § 708-852 by tracking the language of the statute. The statutory definition of "intent to defraud" is consistent with its commonly understood meaning and does not create an additional element of the offense of Forgery in the Second Degree. Accordingly, the charge was sufficient.

Based upon the foregoing, we vacate the Order entered by the circuit court on April 21, 2021, and remand for further proceedings.

DATED: Honolulu, Hawaiʻi, March 17, 2022.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Phyllis J. Hironaka,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

5